UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-30027 |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| RAYMOND SAENZ, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDER-STANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands the same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B. PLEA AGREEMENT PROCEDURE:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure which authorizes the United States to agree that it will not bring, or will move to dismiss, other charges. The Court may accept this agreement, reject it, or defer a decision until the Court has reviewed the presentence report.

**C. PLEA OF GUILTY TO CHARGE AND DISMISSAL OF OTHER CHARGES:** The Defendant will plead guilty to Count I of the Indictment filed in this case which charges a violation of 21 U.S.C. § 846 and 841(a)(1). The charge carries a maximum sentence of forty years and not less than five years in prison, a $2,000,000 fine, or both, and a period of supervised release of four years. If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to three years on any such revocation. There is also a $100 assessment to the victims' assistance fund. Restitution may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the remaining counts in the Indictment as they pertain to the Defendant pursuant to the terms of this plea agreement.

**D. VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea

agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1) All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2) The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3) The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E.  ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence

investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

F. **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States further agrees that the Defendant is entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).

G. **GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – ANY SENTENCE WITHIN STATUTORY LIMITS:** At the sentencing hearing, both the United States and the Defendant are free to recommend whatever sentence each feels is appropriate, within statutory limits, present evidence, and make arguments in support thereof. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

H. **STIPULATED OFFENSE LEVEL:** It is understood and stipulated between the United States and the Defendant that the base offense level upon which the Defendant's sentence is to be initially calculated, pursuant to U.S.S.G. § 2B1.1, is 26, in that the Defendant's offense conduct and relevant conduct readily provable by the United States involved at least 5 grams but less than 20 grams of methamphetamine (actual). The Defendant understands that should the

Court not follow the terms of this stipulation and agreement, he will not be allowed to withdraw his plea.

**I.** **ROLE IN THE OFFENSE – AVERAGE PARTICIPANT**: It is stipulated between the United States and the Defendant that the offense level should not be adjusted pursuant to U.S.S.G. §§ 3B1.1 or 3B1.2, in that the Defendant's offense conduct readily provable by the United States does not expose him to an increase in his offense level for performing an aggravating role in the offense, nor does his offense conduct qualify him for a reduction in his offense level for performing a mitigating role in the offense. Neither the United States nor the Defendant will offer proof or argument in support of an adjustment for aggravating or mitigating role in the offense at sentencing. The Defendant understands that this stipulation is not binding upon the Court. The Defendant further understands that should the Court not follow the terms of this stipulation and agreement, he will not be allowed to withdraw his plea.

**J.** **SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**K.** **MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:** If the Defendant does not have sufficient financial resources to immediately satisfy

the financial obligations imposed upon him at sentencing the Defendant agrees, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments and an executed Financial Statement. The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full. Also the Defendant may be required to furnish the requested information, as well as current earnings statements and copies of his W-2s even if the request is made after he has been sentenced.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prison's Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**L. RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**M. NO INFORMATION FILED PURSUANT TO 21 U.S.C. § 851:** The United States agrees that in return for the Defendant's plea of guilty to Count I in this case, it will not file an information pursuant to 21 U.S.C. § 851, alleging that the Defendant has a prior felony drug conviction. Should the Defendant successfully withdraw his plea of guilty or otherwise fail to comply with the terms and conditions of this plea agreement, the United States reserves the right to file the information pursuant to 21 U.S.C. § 851.

**N. INELIGIBILITY FOR FEDERAL BENEFITS:** The Defendant further understands that under the provisions of 21 U.S.C. § 862, the Court has the discretion to declare him ineligible for any and all federal benefits for a period of up to five years following conviction.

**O. BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**P.     WAIVER OF SPEEDY TRIAL**: The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**Q.     PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**R.     SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**S.     WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

BRENDAN V. JOHNSON
United States Attorney

_8-26-10_
Date

Ted L. McBride
Special Assistant United States Attorney
P.O. Box 7240
Pierre, SD 57501
Telephone: (605) 224-5402
Facsimile: (605) 224-8305
E-Mail: Ted.McBride@usdoj.gov

APPROVED:
BRENDAN V. JOHNSON
United States Attorney
By:

DAVID L. ZUERCHER, Supervisory
Assistant United States Attorney

_8/26/10_
Date

Raymond Saenz
Defendant

_8/26/10_
Date

Jana Miner
Attorney for Defendant