UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND SAENZ,<br><br>Defendant. | 3:10-CR-30027-RAL<br><br>RESPONSE TO DEFENDANT'S SECOND MOTION FOR RECONSIDERATION (DOC. 204) |

The United States, by and through Assistant United States Attorney Connie Larson, files this response opposing Raymond Saenz's second request for reconsideration (Doc. 204). This response incorporates all previous arguments made by the United States in its responses to the motion for relief and motion for reconsideration, as well as this Court's decision denying Saenz's motion on July 29, 2021 (Doc. 192), and denying the motion for reconsideration on December 15, 2020 (Doc. 203).

Saenz's current motion for reconsideration claims changed circumstances because he tested positive for COVID-19. Doc. 204, p. 2. He claims in his supplemental filing that he had several symptoms, including shortness of breath, left side numbness, memory loss, loss of taste and smell, mental health issues and body aches. Doc. 204, p. 3. Those claims are inconsistent with what he told medical personnel treating him for COVID-19. The medical records indicate that Defendant was diagnosed with COVID-19 on December 19, 2020. Doc. 205,

p. 53. The records further show that he was monitored through December 26, 2020, and denied having symptoms during that time. Doc. 205, p. 13, 32-36. On December 29, 2020, when he finished the period of observation, he again denied COVID symptoms. Doc. 205, p. 11. He reported none of those issues when he was seen for a medication refill on February 10, 2021. Doc. 205, p. 3.

Saenz is housed at FCI Fort Dix, located in New Jersey. https://www.bop.gov/inmateloc/. In addition to the COVID-19 claim, Saenz's motion complains generally about health care at the Fort Dix facility. Doc. 204, p. 3. His medical records indicate, in addition to the records reviewed by this Court for the prior motions for release, Saenz has recently received other medical care, including an upper GI endoscopy in March 2021. *See generally* Doc. 188, Doc. 199, Doc. 205 pp. 61-66.

## ARGUMENT

### DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE HE RECENTLY TESTED POSITIVE FOR COVID-19.

Saenz asks this Court to release him because he recently contracted COVID-19. Release is not warranted where an inmate has recovered from COVID-19, considering the low risks of reinfection. *United States v. Brown*, No. 15-CR-551 (ENV), 2021 WL 1062401, at *2 (E.D.N.Y. Mar. 18, 2021) (citing *See, e.g., United States v. Santiago*, No. 92-CR-563 (BMC), 2020 WL 4926470, at *2 (E.D.N.Y. Aug. 21, 2020) (holding that prior COVID-19 diagnosis, "even in an individual with risk factors for severe complications or death," does not constitute extraordinary and compelling reason for release).

As noted above, Saenz tested positive for COVID-19 on December 19, 2020, was asymptomatic during the observation period and has reported no adverse reaction, other than in his motion to this Court. His infection, while unfortunate, has likely provided antibodies reducing Saenz's risk of reinfection. As one court has noted:

> The Court acknowledges the theoretical possibility that the defendant's previous course of the disease might not confer lasting immunity, and that the defendant may or may not be negatively affected if he would contract the disease a second time. And the Court acknowledges that much remains to learn about this disease. But at this point, despite the unknowns, there's little evidence of human reinfection of the novel coronavirus that causes COVID-19, and fairly good reason to believe that survivors of COVID-19 are likely to have functional antibodies for the disease. See Robert D. Kirkcaldy et al., COVID-19 and Postinfection Immunity, JAMA (May 11, 2020), https://bit.ly/30mHSXS; Daniel M. Altmann et al., What policy makers need to know about COVID-19 protective immunity, 395 The Lancet 1527-29 (Apr. 27, 2020), https://bit.ly/2Unfu41. *In other words, absent contravening information, the evidence suggests the defendant is less likely—perhaps far less likely—to be at risk of COVID-19 than other people.*

*United States v. Granados-Vargas*, No. 4:17-CR-3140, 2021 WL 424631, at *1 (D. Neb. Feb. 8, 2021) (emphasis added). "That he has had the disease lessens the chances he will contract it again." *United States v. Thomason*, No. 19-CR-05 (ECT/SER), 2020 WL 4915833, at *2 (D. Minn. Aug. 21, 2020) (citing Katherine J. Wu, Scientists See Signs of Lasting Immunity to COVID-19, Even After Mild Infections, N.Y. Times, Aug. 17, 2020, https://www.nytimes.com/2020/08/16/health/coronavirus-immunity-antibodies.html). That consideration should result in denial of release in this situation.

Another court in this district recently denied release where, as here, the defendant had medical conditions, but contracted COVID-19 and did not have significant symptoms, noting regarding the risk of reinfection that "the CDC and other medical resources indicate the risk is rare. According to the CDC, '[c]ases of reinfection with COVID-19 have been reported, but remain rare.'" *United States v. Hodgin*, No. 4:15-CR-40110-02-KES, 2021 WL 928179, at *4 (D.S.D. Mar. 11, 2021) (quoting https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (updated Oct. 27, 2020) (last visited Mar. 9, 2021)) (denying relief where the defendant had type 2 diabetes, chronic kidney disease, hypertension and other medical conditions); *See also United States v. Brunston*, 4:18-CR-40145-KES, Docket 68 (D.S.D. May 26, 2020) (denying compassionate release after defendant had confirmed case of COVID-19); *United States v. Odie*, 4:17-CR-40016-01-KES, Docket 214 (D.S.D. Jan. 26, 2021) (denying reconsideration of compassionate release for defendant with confirmed case of mild COVID-19); *United States v. Muhs*, 4:19-CR-40023-02-KES, Docket 362 (D.S.D. Feb. 12, 2021) (denying compassionate release for defendant with resolved case of COVID-19). "There is a growing consensus that '"people who have had evidence of a prior infection with SARS-CoV-2, the virus that causes COVID-19, appear to have some degree of protection against being reinfected with the virus."' *Hodgin,* 2021 WL 928179 at *4 (quoting SARS-CoV-2 Antibodies Can Protect from Reinfection, NCI Study Suggests, Nat'l Cancer Inst., https://www.cancer.gov/news-events/cancer-current-blog/2020/coronavirus-antibodies-protect-against-future-infection (dated Dec. 21, 2020) (last visited

Mar. 9, 2021)). Denial is appropriate where a court "has no reason to believe he would suffer significantly more severe complications if he were to become infected again . . ., although defendant has some elevated risk and is incarcerated at a facility with a high exposure rate, the record shows his overall risk of severe complications is low." *United States v. Sampson*, No. 08-CR-2026-CJW-MAR, 2020 WL 4207555, at *4 (N.D. Iowa July 22, 2020) (citing several other cases denying release in similar cases).

Saenz claims medical care at the Fort Dix facility is insufficient. The medical records reveal he has received treatment for his complaints. *See generally* Doc. 205. His general medical complaints, without any documentation other than within the motion filed herein, do not rise to the level of extraordinary and compelling circumstances.

Given all of the foregoing, Saenz's concern that he may contract the virus again if he remains incarcerated does not constitute an extraordinary and compelling reason for relief. That Saenz contracted COVID-19 "is indeed unfortunate, but . . . [n]ow that he has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense. 'This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis.'" *United States v. McCallum*, No. 14-CR-476-12 (CS), 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020)[1] (quoting *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020)).

---

[1] Also containing the following citations:

Based on the foregoing, and on its earlier response, the United States respectfully requests that Saenz's motion for reconsideration be denied.

Dated and electronically filed March 24, 2020.

> DENNIS R. HOLMES
> Acting United States Attorney
>
> */s/ Connie Larson*
> CONNIE LARSON
> Assistant United States Attorney
> P.O. Box 2638
> Sioux Falls, SD 57101-2638
> (605) 330-4400
> Email: Connie.Larson@usdoj.gov

---

*see United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses.*"); United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19.").

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on March 24, 2021, a true and correct copy of the foregoing was served upon Defendant by placing the same in the service indicated as follows:

Raymond Saenz – via first-class mail, postage pre-paid
#16853-047
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 80640

DENNIS R. HOLMES
Acting United States Attorney

*/s/ Connie Larson*
CONNIE LARSON
Assistant United States Attorney