UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RAYMOND SAENZ,<br><br>　　　　　Defendant. | 3:10-CR-30027-RAL-01<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

　　　Defendant, Raymond Saenz, filed a pro se motion requesting compassionate release pursuant to the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A) on March 4, 2021. Doc. 204. On March 10, 2021, the Federal Public Defender for the Districts of South Dakota and North Dakota (FPD) filed a notice of intent not to supplement Saenz's motion. Doc. 206. For the following reasons, the court denies Saenz's motion for compassionate release.

　　　Saenz is serving a sentence of 222 months imprisonment for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Doc. 67. Saenz is currently incarcerated at Fort Dix FCI, a low security facility in New Jersey. Doc. 204 at 1; See also Fed. Bureau Prisons, Find an Inmate, https://www.bop.gov/inmateloc (last visited Mar. 25, 2021). In this motion, Saenz argues that compassionate release is warranted now because Fort Dix FCI experienced a spike in active COVID-19 cases and Saenz himself tested positive for COVID-19 on December 22, 2020. Doc. 204 at 1–2.

　　　Saenz first moved for relief under the First Step Act on May 1, 2020. Doc. 184. The FPD represented Saenz and filed submissions, records, and briefs on his behalf. On July 29, 2020, this Court entered an order denying Saenz's motion for compassionate release. Doc. 192. Saenz appealed the order to the United States Court of Appeals for the Eighth Circuit. Doc. 193. On

1

August 4, 2020, the Eighth Circuit summarily affirmed this Court's order denying Saenz's motion for compassionate release. Doc. 196. Saenz subsequently filed a motion in this Court on November 3, 2020, seeking reconsideration of the denial of his motion. Doc. 198. This Court denied reconsideration on December 15, 2020. Doc. 203.

This is Saenz's third attempt at compassionate release. In his latest request, Saenz raises new arguments, including the spike in COVID-19 cases at Fort Dix FCI in general and his own course of COVID-19. Doc. 204 at 2–3. Saenz seeks an order reducing his sentence to time served. Doc. 204 at 1.

Generally, a "court may not modify a term of imprisonment once it has been imposed," except in a few, narrow circumstances. 18 U.S.C. § 3582(c). The compassionate release statute as amended by the First Step Act of 2018 provides one of those narrow avenues through which a sentence may be modified. A defendant is now permitted to bring a motion to the court seeking compassionate release for extraordinary and compelling reasons "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In other words, a defendant must first exhaust the administrative remedy process before the court may directly entertain a motion for compassionate release. Exhaustion of administrative remedies is a statutory requirement. Id.

The records on file with this Court do not reflect that Saenz made a request for compassionate release to his warden in conjunction with and prior to filing his instant motion.

Therefore, it is hereby

2

ORDERED that Saenz's motion for compassionate release, Doc. 204, is denied without prejudice.

DATED this 25th day of March 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE